UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-21941-GAYLES
MAGISTRATE JUDGE REID

RAYL LYNN KELLAR,

    Plaintiff,

v.

MARK INCH, SECRETARY,
FLORIDA DEPARTMENT OF CORRECTIONS,

    Defendant.
_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

Plaintiff, **Rayl Lynn Kellar**, a prisoner at the Dade Correctional Institution, has filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1].

This case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the District Judge regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 4].

Plaintiff is a prolific *pro se* filer and has filed three or more civil actions in federal court that have been dismissed and count as "strikes" pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g), he is required to prepay the entire filing fee before federal courts may consider his lawsuits and appeals. Plaintiff has failed to pay any fee. In the interest of comprehensive consideration of Plaintiff's claims, the Undersigned has also reviewed the merits of the Complaint, and finds that even if Plaintiff were not a "three-striker," his Complaint would have failed to state a claim upon which relief may be granted.

The Undersigned has carefully reviewed the filings and is fully informed. Because Plaintiff is a "three-striker" and has not paid the statutory filing fee, the Undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1], be **DISMISSED** and the case **CLOSED**.

## II.    Discussion

A. <u>Three-Strikes Rule</u>

"In no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits or appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 214-15 (2007). The proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). A three-striker cannot pay the filing fee after initiating suit as a retroactive cure. *See id.*

A review of Plaintiff's filing history reveals that he has brought at least three civil actions or appeals while incarcerated which were dismissed and count as strikes pursuant to 28 U.S.C. § 1915(g) in the following cases:

- *Kellar v. Harrison, et al.*, Case No. 4:96-CV-00203-WS, Order [ECF No. 4] (N.D. Fla. July 31, 1996) (dismissing Plaintiff's case as frivolous pursuant to 28 U.S.C. § 1915);

2

- *Kellar v. Moore, et al.*, Case No. 5:02-CV-220-MMP-MCR, Order [ECF No. 7] (N.D. Fla. Oct. 15, 2002) (dismissing Plaintiff's case as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); and,

- *Kellar v. West, et al.*, Case No. 1:11-CV-00059-MP-GRJ, Order [ECF No. 9] (N.D. Fla. Sept. 23, 2011) (dismissing Plaintiff's case for abuse of the judicial process pursuant to 28 U.S.C. § 1915A).[1]

The Undersigned takes judicial notice of the above cited cases pursuant to Fed. R. Evid. 201. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *see also Wells v. United States*, 318 U.S. 257, 260 (1943) (suggesting that federal courts may take judicial notice of the judicial records of other federal courts).

Because Plaintiff has filed at least three previously dismissed cases which qualify as strikes, Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he qualifies under the "imminent danger of serious physical injury" exception of § 1915(g). To qualify under the imminent danger exception, the Eleventh Circuit requires a pleading of "specific allegations of present imminent danger that may result in serious physical harm." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Plaintiff neither alleges that he is in imminent danger of serious physical injury, nor provides any facts supporting such an allegation. Thus, Plaintiff does not qualify under this exception.

---

[1] While dismissal for "abuse of the judicial process" is not listed among the three dismissals for which courts may issue "strikes" per 28 U.S.C. 1915(g), the Eleventh Circuit considers these dismissals "strikes." *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir. 2010) (citing *Rivera*, 144 F.3d at 731) ("[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)").

B. <u>Failure to State a Claim</u>

Plaintiff's three-striker status is of no real consequence, though. Even if Plaintiff were not a three-striker, Plaintiff's claim would nonetheless fail because he has failed to state a claim upon which relief may be granted.

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017)). While a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff claims that the Florida Department of Corrections ("FDOC") infringed on his Fourteenth Amendment property rights and his First Amendment right to petition the courts. Specifically, Plaintiff alleges that the FDOC violated the aforementioned rights when it debited his American Rescue Plan economic impact payment ("EIP3") from his inmate bank account to pay his state litigation liens, medical co-payments, and postage fees. [ECF No. 1 at 2-3]. Plaintiff offers three arguments in support of his claims for injunctive and declaratory relief: (1) FDOC was not authorized to take more than twenty percent of his balance to pay State litigation liens [ECF No. 1 at 5]; (2) his EIP3 payment was federally-protected from State debt collection [ECF No. 1 at 4]; and (3) FDOC's decision to collect Plaintiff's debt was a retaliatory act that chilled the

4

exercise of his First Amendment right to petition the court [ECF No. 1 at 3]. Because his three arguments lack legal merit, Plaintiff fails to state a claim upon which relief may be granted.

First, Plaintiff asserts that the legally pertinent statute "provided authority to collect payments of $10 or 20% of the account balance, whichever was greater," [ECF No. 1 at 3], so collecting more than twenty percent of Plaintiff's account balance violated the statute. This belief is mistaken. The statute governing payment of state litigation liens by indigent prisoners does not provide a maximum that FDOC may withdraw. *See* § 57.085(5), Fla. Stat. (2020). Therefore, the statute authorizes the FDOC to withdraw up to the full balance of an inmate's account to satisfy the State's liens. *Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 U.S. App. LEXIS 26831, at *2 (11th Cir. Sep. 4, 2019) (citing *Crews v. Strother*, 209 So. 3d 595, 597-98 (Fla. 1st DCA 2014)).

Second, Plaintiff asserts that the EIP3 payments from the American Rescue Plan Act of 2021 ("the ARP") were allocated without any reduction "for past due child support or any other federal or state debts." [ECF No. 1 at 4]. As support for this proposition, Plaintiff cites to Exhibit E. [*Id.*]. Exhibit E, however, indicates that the protections against such debts only apply to the six hundred dollar payment provided by the COVID-Related Tax Relief Act of 2020 ("EIP2"). [ECF No. 1-1 at 17]. Contrarily, the rules regarding protections of EIP3 are governed by the ARP, which provides protection against only reduction or offset of past-due Federal taxes, unpaid child support, debts owed to Federal agencies, past-due State income tax obligations, and unemployment compensation debts. *See* American Rescue Plan Act of 2021, Pub. L. No. 117-2, § 9601(c)(2), 135 Stat. 4, 143. Due to the ARP's passage through the budget reconciliation process, EIP3 and EIP2 do not have similar protections. *See* Letter from Am. Bankers Ass'n, et al., to Nancy Pelosi, House

Speaker, et al. (Mar. 8, 2021), https://www.aba.com/-/media/documents/letters-to-congress-and-regulators/joint-banking-trades-and-consumer-group-letter-urging-garnishment-exemption-march-2021.pdf.

Third, Plaintiff alleges that the FDOC "targeted [him] because of pending litigation" and seized the EIP3 funds in retaliation for Plaintiff issuing a Notice of Intent to Sue against the FDOC. [ECF No. 1 at 2-3]. To state a claim for retaliation under 42 U.S.C. § 1983, Plaintiff must plead three elements: (1) he engaged in a constitutionally protected activity; (2) he suffered adverse treatment simultaneously with or subsequent to such activity; and (3) a causal connection existed between the protected activity and adverse action. *Flynn v. Scott*, 2006 U.S. Dist. LEXIS 28280, at *5 (M.D. Ala. 2006) (citing *Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 600-01 (11th Cir. 1986)). Plaintiff adequately alleges that he engaged in constitutionally protected activity when he "filed a Notice of Intent to sue the FDOC." [ECF No. 1 at 2]; *see also Bank of Jackson Cty. v. Cherry*, 980 F.2d 1362, 1370 (11th Cir. 1993) (finding that included in the rights of the First Amendment is a right to petition the court for a redress of grievances and a right to access the courts). Plaintiff also adequately alleges that he suffered adverse treatment when "FDOC redirected all funds from [his] account to divert funds to the State of Florida." [ECF No. 1 at 2]. Plaintiff fails, however, to include sufficient factual allegations in support of the third element, the existence of a causal connection between the first two elements.

To demonstrate causation, Plaintiff must sufficiently allege facts from which one could reasonably infer that the FDOC seized his EIP3 payment in retaliation after he issued the Notice of Intent to Sue. *See Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986). While a chronology of events may establish circumstantial evidence of retaliation, such evidence alone does not meet

6

Plaintiff's burden of showing that his action was a substantial or motivating factor in the subsequent adverse action. *See Pate v. Peel*, 256 F. Supp. 2d 1326, 1341 (N.D. Fla. 2003) (holding that a chronological relationship on its own does not show retaliatory motive, and that the plaintiff failed to meet the causation element when the only evidence he presented was that defendant acted adversely to the plaintiff thirteen days after the latter filed his grievance).

Plaintiff alleges that his EIP3 funds were taken fifteen days after he mailed his Notice of Intent to Sue. [ECF No. 1 at 2-3]. Aside from this chronological relationship, the only additional allegation he includes in support of this legal claim is that "Inmate Bank was inconsistent in its efforts to collect payments on liens, because multiple prisoners provided statements owed but not collected on receipt of any stimulus (EIP) payments, and the actions by Inmate Bank FDOC was [*sic*] arbitrary and targeted petitioner because of pending litigation." [ECF No. 1 at 3]. This allegation fails to plead nonconclusory facts sufficient to allow this Court to draw a reasonable inference that the FDOC's seizure of Plaintiff's funds was retaliation for his previous attempt to access the courts. The existence of other prisoners with "statements owed but not collected on receipt of any stimulus (EIP) payments," [*Id.*], combined with the fifteen day chronological relationship between Plaintiff's Notice of Intent to Sue and his account being debited, does not show retaliatory motive when the FDOC had clear statutory authority to collect Plaintiff's debts from his inmate account. Absent allegations that demonstrate a colorable suspicion of retaliation, this Complaint fails to state a claim for which relief may be granted. *See Flaherty v. Coughlin*, 713 F.2d 10, 12 (2d Cir. 1983).

### III.   Recommendations

Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1], be

**DISMISSED** without prejudice and this case **CLOSED**.

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of the such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 30th day of June, 2021.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **Rayl Lynn Kellar**
    929404
    Dade Correctional Institution
    Inmate Mail/Parcels
    19000 SW 377th Street
    Florida City, Florida 33034-6409
    PRO SE